IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAWEA KOAT, | ) | |
| | ) | |
| Petitioner, | ) | 8:19CV449 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM AND ORDER |
| RICK CONRAD, Hall County Sheriff, | ) | |
| | ) | |
| Respondents. | ) | |

This unusual matter is before the court on preliminary review of Petitioner Mawea Koat's Petition for Writ of Habeas Corpus (Filing No. 1) brought pursuant to 28 U.S.C. § 2241.[1] The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

> **Claim One**: The Petitioner has been and is being indefinitely confined in violation of the laws of the United States, particularly the Immigration and Nationality Act, and the Fourth Amendment and the Due Process Clause of the Fifth Amendment to the Constitution of the United States.
>
> **Claim Two**: The Petitioner has been deprived of Due Process of law regarding the issuance of the Notice of Failure to Comply Pursuant to 8 CFR 241.4(g) dated October 1, 2019 (attached to the petition) in part because Petitioner is a citizen of Ethiopia and not South Sudan as erroneously determined by the Deputy Field Office Director.
>
> **Claim Three**: Since there is no possibility that Petitioner will be received in his country of origin or any other foreign country in the foreseeable

---

[1] I have changed the named Respondents in accord with my understanding of the proper respondents in a case like this.

future, Petitioner is being denied Due Process of law by the failure to parole him under supervision.

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (Filing No. 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. The Clerk shall modify the docket sheet and show the above named Respondents as the only Respondents. The Clerk shall telephone the offices of the following attorneys and advise them of the filing of this case and the issuance of this Memorandum and Order. After that, the Clerk shall serve the petition (filing no. 1) and this document on the following lawyers by United States Mail:

Joseph P. Kelly
United States Attorney District of Nebraska
1620 Dodge St. Ste. 1400
Omaha, NE 68102
(402) 661-3700

Martin Klein
Hall County Attorney 231 S. Locust St.
Grand Island, NE 68801
(308) 385-5150

3. By December 7, 2019, Respondents must file motions for summary judgment or records in support of their answers. The clerk of the court is directed to set

a pro se case management deadline in this case using the following text: December 7, 2019: deadline for Respondents to file records in support of answers or motions for summary judgment.

4. If Respondents elect to file motions for summary judgment, the following procedures must be followed by Respondents and Petitioner:

A. The motions for summary judgment must be accompanied by separate briefs, submitted at the time the motions are filed.

B. The motions for summary judgment must be supported by any records that are necessary to support the motions. Those records must be contained in a separate filing entitled: "Designation of Records in Support of Motion for Summary Judgment."

C. Copies of the motions for summary judgment, the designations, including records, and Respondents' briefs must be served on Petitioner except that Respondents are only required to provide Petitioner with a copy of the specific pages of the records that are cited in Respondents' motions and briefs. In the event that the designations of the records are deemed insufficient by Petitioner or Petitioner needs additional records from the designations, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motions for summary judgment, Petitioner must file and serve a brief in opposition to the motions for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents may file and serve reply briefs. In the event that Respondents elect not to file reply

briefs, they should inform the court by filing a notice stating that they will not file a reply brief and that their motion is therefore fully submitted for decision.

      F.      If the motion(s) for summary judgment is denied, Respondents must file answers, designations and briefs that comply with terms of this order. (See the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. Respondents are warned that failure to file answers, designations and briefs in a timely fashion may result in the imposition of sanctions, including Petitioner's release.

    5.    If Respondents elect to file answers, the following procedures must be followed by Respondents and Petitioner:

      A.      By December 7, 2019, Respondents must file all records that are relevant to the cognizable claims. See, e.g., Rule 5(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Those records must be contained in a separate filing entitled: "Designation of Records in Support of Answer."

      B.      No later than 30 days after the relevant records are filed, Respondents must file answers. The answers must be accompanied by separate briefs, submitted at the time the answers are filed. Both the answers and briefs must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust remedies, a procedural bar, non-retroactivity, a statute of limitations, or for some other reasons.

      C.      Copies of the answers, the designations, and Respondents' briefs must be served on Petitioner at the time they are filed with the court except that Respondents are only required to provide Petitioner with a copy of the specific pages

---

[2]These rules also apply to § 2241 cases.

of the designated records that are cited in Respondents' answers and briefs. In the event that the designations of records are deemed insufficient by Petitioner or Petitioner needs additional records from the designations, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

      D.      No later than 30 days after Respondents' briefs are filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

      E.      No later than 30 days after Petitioner's brief is filed, Respondents may file and serve reply briefs. In the event that Respondents elect not to file reply briefs, they should inform the court by filing a notice stating that the Respondents will not file reply briefs and that the merits of the petition are therefore fully submitted for decision.

      F.      The clerk of the court is directed to set a pro se case management deadline in this case using the following text: January 6, 2020: check for Respondents' answers and separate briefs.

6.      No discovery shall be undertaken without leave of the court. See Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

DATED this 23rd day of October, 2019.

      BY THE COURT:

      s/ *Richard G. Kopf*
      Senior United States District Judge